**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MAYOWA BONOJO, | DOCKET NUMBER |
| Appellant, | NY-0752-20-0056-I-3 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: August 22, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lawrence Berger</u>, Esquire, Glen Cove, New York, for the appellant.

<u>Luz Adriana Lopez</u>, Esquire, and <u>Regina Levy</u>, Esquire, New York, New York, for the agency.

<u>Aarrin Golson</u>, Esquire, Miami, Florida, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which mitigated the appellant's removal to a reassignment to a non-law enforcement

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

officer position after sustaining charges of conduct unbecoming a law enforcement officer and lack of candor. On review, the appellant argues that the administrative judge erred in sustaining the charges and specifications for the conduct unbecoming and lack of candor charge, and in finding that the agency proved nexus for the conduct unbecoming charge. Petition for Review (PFR) File, Tab 1. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On review, the appellant argues that the agency failed to establish that his off-duty behavior, i.e., biting his wife during an altercation, affected the agency's mission in a "direct and obvious way," noting that he had received outstanding and excellent performance ratings after the incident, and asserting that his conduct had no adverse impact on his work performance, his co-workers, or the mission of the agency.[2] PFR File, Tab 1 at 7-8. While we agree with the

[2] On review, the appellant claims that the deciding official stated that the appellant's off-duty conduct had "no" adverse impact on the appellant's work performance, co-workers, or mission of the agency. PFR File, Tab 1 at 7. Upon review of the deciding official's testimony, we find this statement to be taken out of context. When asked whether the appellant's conduct had an impact on his performance or the agency's mission, the deciding official stated that it did not until the charges were sustained.

administrative judge that the agency established nexus, we expand the analysis and provide a more detailed reasoning as to why the appellant's off-duty misconduct has nexus to the efficiency of the service.[3]

An agency must prove that a nexus exists between the sustained charges of misconduct and either the employee's ability to accomplish his duties satisfactorily or some other legitimate government interest, i.e., the efficiency of the service. *Campbell v. Department of the Army*, 123 M.S.P.R. 674, ¶ 24 (2016). The Board generally recognizes three independent means by which an agency may show a nexus linking an employee's off-duty misconduct with the efficiency of the service: (1) a rebuttable presumption of nexus that may arise in "certain egregious circumstances" based on the nature and gravity of the misconduct; (2) a showing by preponderant evidence that the misconduct affects the employee's or his co-workers job performance or management's trust and confidence in the employee's job performance; and (3) a showing by preponderant evidence that the misconduct interfered with or adversely affected the agency's mission. *Kruger v. Department of Justice*, 32 M.S.P.R. 71, 74 (1987).

The Board has consistently found that there is nexus between a law enforcement officer's off-duty misconduct and the efficiency of the service. *See,*

---

Hearing Recording (HR) (testimony of the deciding official). However, the deciding official also emphasized the seriousness of the conduct, the impact it had on the appellant's trustworthiness and the agency's ability to have confidence in him, and the importance of maintaining a high level of integrity and honesty at all times because the agency relies on public trust in order for the agency to successfully enforce the laws. *Id*. Thus, looking at the record as a whole, we do not believe the appellant's characterization is a fair representation of the deciding official's testimony.

[3] The appellant only disputes the finding of nexus as it relates to the first charge, i.e., conduct unbecoming. PFR File, Tab 1 at 8. Regarding the second charge, the Board has consistently found that nexus exists between lack of candor and the efficiency of the service because the charge strikes at the very heart of the employer-employee relationship. *Ludlum v. Department of Justice*, 87 M.S.P.R. 56, ¶ 28 (2000), *aff'd*, 278 F.3d 1280 (Fed. Cir. 2002); *see Chavez v. Small Business Administration*, 121 M.S.P.R. 168, ¶ 7 (2014) (finding nexus between lack of candor charge and efficiency of the service); *see also Smith v. Department of the Interior*, 112 M.S.P.R. 173, ¶¶ 22-23 (2009) (same).

*e.g.*, *Carlton v. Department of Justice*, 95 M.S.P.R. 633, ¶¶ 2, 4-5 (2004); *Royster v. Department of Justice*, 58 M.S.P.R. 495, 499-500 (1993); *Mojica-Otero v. Department of the Treasury*, 30 M.S.P.R. 46, 50 (1986). The Board has explained that law enforcement officers have the "general duty and responsibility to uphold and enforce the law[.]" *Austin v. Department of Justice*, 11 M.S.P.R. 255, 259 (1982). With such a sensitive position, "it can hardly be challenged that an agency has the right to expect and hold its law enforcement personnel to a high standard of conduct." *Id*. Thus, when law enforcement officers engage in off-duty misconduct, it is a "serious breach of conduct and . . . [has] a significant effect on [the officer's] reputation for honesty and integrity, thereby a significant effect upon the efficiency of the service." *Id*.

Here, the appellant admits to biting his wife during a physical altercation. Hearing Recording (HR) (testimony of the appellant). As a trained law enforcement officer, it is reasonable to expect that the appellant not resort to such violence, and his failure to do so casts doubt upon his ability to perform his duties, which require him to have good judgment and strong decision-making skills in high stress, difficult situations. HR (testimony of the deciding official). Furthermore, as a result of his actions, the appellant was arrested and his second-line supervisor had to retrieve the appellant's weapon and credentials from the local police station, thus involving agency officials in his off-duty conduct. HR (testimony of the appellant's second-line supervisor).

Therefore, we find that the appellant's actions undermine his ability to perform his duties as a law enforcement officer and adversely impacted the mission of the agency, namely, the enforcement of laws. Thus, consistent with previous Board findings, we find that the appellant's off-duty misconduct is antithetical to the appellant's role as a law enforcement officer, and therefore has a significant impact on the efficiency of the service. *See Royster*, 58 M.S.P.R. 495, 499-500 (finding nexus between appellant's off-duty conduct and the efficiency of the service when the appellant was a Corrections Officer found to

have made several threatening and abusive phone calls to women); *Mojica-Otero*, 30 M.S.P.R. 46, 50 (finding nexus existed between off-duty shoplifting by a customs officer and efficiency of the service because of his position as a law enforcement officer); *see also Carlton*, 95 M.S.P.R. 633, ¶¶ 2, 4-5 (upholding the administrative judge's finding of nexus involving off-duty conduct from a law enforcement officer stemming from a domestic altercation with his wife). Accordingly, we agree with the administrative judge's conclusion that the agency established that nexus existed between the appellant's off-duty misconduct and the efficiency of the service.[4]  ID at 10.

Having reviewed the appellant's remaining arguments on review, we see no basis for disturbing the administrative judge's finding in the initial decision. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (declining to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same) Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).

---

[4] The appellant also disputes the agency's consideration of the arrest, stating that the arrest alone cannot support nexus or evidence of misconduct.  PFR File, Tab 1 at 20. The arrest is not the only evidence of nexus or misconduct; we have considered the underlying actions by the appellant.  Thus, we are unpersuaded by this argument. Similarly, the appellant states that a *Giglio* impairment is speculative, and there is no proof that a U.S. Attorney's Office would consider the appellant *Giglio* impaired.  *Id*. However, the appellant does not cite, nor do we find, any authority that requires a *Giglio* determination be made for the agency to consider a *Giglio* issue when deciding whether to discipline an appellant.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found attheir respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.



FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.